UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KENNETH KELLER, )
)
       Petitioner, )
)
  v. ) No. 1:16-cv-03063-JMS-DML
)
SUPERINTENDENT NEW CASTLE )
CORRECTIONAL FACILITY, )
)
       Respondent. )

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Kenneth Keller for a writ of habeas corpus challenges a prison disciplinary proceeding, NCF 16-05-0187, in which he was found guilty of possession of a controlled substance. For the reasons explained in this entry, Mr. Keller's habeas petition must be **denied.**

### I. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On May 20, 2016, Correctional Officer Cutshall issued a Report of Conduct charging Mr. Keller with possession or use of controlled substance in violation of Code B-202. The Report of Conduct states:

> On the above date and approximate time, I Officer Cutshall performed a rand[om] shake down of offender Kenneth Keller (#233670) bunk and property box. Durring [sic] my shake down I found a brownish powder inside a bag with a peace [sic] of tin foil. All of this was in a small box under his sleeping mat on his bunk. I sent the substance up with the Sgt on duty to be tested. I was later informed that the substance had tested positive for meth[amphetamine]. Offender was told he would be rec[ei]ving a conduct report.

Dkt. 8-1 (capitalization modified).

Mr. Keller was notified of the charge on May 20, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Mr. Keller requested statements from offenders Spencer Atwood and R. McGill. Dkt. 8-2. The Screening Officer also noted that Mr. Keller did not request any evidence. *Id*. Offender Atwood stated, "I was in the room at the time and to my knowledge there is no way that was anything but saw dust or glue. To [sic] further testing would confirm that." Dkt. 8-3. Offender McGill stated, "I was in the room with Mr. Keller & I know for a fact that Mr. Keller did no drugs nor possess any drugs. The substance that is in question is wood shaving used to fill joints in on the seams of a popsickle [sic] stick box that Mr. Keller was building." Dkt. 8-4. (capitalization modified).

The hearing officer conducted a disciplinary hearing on May 25, 2016. Dkt. 8-6. The hearing officer noted Mr. Keller's statement, "It was not found under my mat. It was on the floor, I did not have any drugs. I only had one soup in the box." *Id*. Based on the staff reports, statement of offender, evidence from witnesses, photographs, and report of field test, the hearing

officer determined that Mr. Keller had violated Code B-202. *Id*. The sanctions imposed included disciplinary segregation (time served), a phone and commissary restriction, the deprivation of 90 days of earned credit time, and the demotion of a credit class. *Id*.

Mr. Keller's appeals were denied. This habeas action followed.

### III. Analysis

Mr. Keller argues that his due process rights were violated during the disciplinary proceeding. His claims are that: 1) the Report of Conduct was inadequate; 2) the field test report was inaccurate and unreliable; 3) the description of the substance found was inaccurate and unreliable; and 4) his request to have the substance retested at an outside lab was improperly denied.

Mr. Keller first argues that the Report of Conduct was insufficient because it did not list the disposition of the physical evidence, thereby showing a break in the chain of custody. Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff,* 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (internal quotation omitted). The Report of Conduct described the substance and where it was found and attached to it was the field test report. Dkt. 8-1, pp. 1, 5. Photographs were taken and included with the Report of Conduct. Dkt. 8-1, pp. 2-4. The Report of Conduct informed Mr. Keller of the charge (possession of a controlled substance) and the code violated (202) and the facts necessary to prepare his defense. Dkt. 8-1. Mr. Keller's due process challenge to the contents of the Report of Conduct is meritless.

The respondent argues that Mr. Keller did not include in his appeal his second claim that the field test result was inaccurate or unreliable. Mr. Keller contends that the photographs of the substance and the field test report have the wrong case number, NCF 16-1021, on them. The Court finds that Mr. Keller did raise the issue of the case numbers on the photographs in his appeal and therefore will not dismiss this claim on the basis of procedural default. The field test report describes the material tested, a "clear plastic sandwich bag containing aluminum foil and a tan/off white powdery substance," notes that it was confiscated on May 20, 2016, and indicates the finding of methamphetamine. Dkt. 8-1, p. 5. Mr. Keller has identified nothing about the content of the report that is unreliable. There are two numbers on the field test report, NCF 16-05-0187 and 16-NCF-1021, but the latter is described as the "NCCF Evidence Number: 16-NCF-1021." Dkt. 8-1, p. 5. The photographs have the "evidence" number, 16-NCF-1021 on them, but that is consistent because the photographs are evidence. The proper "case" number also appears on the field test report. The claim challenging the reliability of the field test and/or photographs is denied as meritless.

Next, Mr. Keller argues that his disciplinary conviction should be vacated because the substance was described as "brownish powder" in the Report of Conduct, in the photographs it is described as "white," and in the field test report, it is described as a "tan/off white powdery substance." This claim is treated as a challenge to the sufficiency of the evidence. Factually, while these descriptions do vary, they are not so different as to conclude that there was insufficient evidence to support the finding of guilt. "Brownish" is similar to "tan/off white" and "white" is similar to "off white." Nothing else about the photographs and field test raises a substantial question as to whether the substance confiscated was the same substance that was tested.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Here, the Report of Conduct, the photographs, and the field test constituted ample evidence to support the charge of possession of a controlled substance.

Mr. Keller's final claim is that his request to have the substance retested at an outside lab was improperly denied.[1] The limited protections of due process in this context do not include any right to create more evidence. Rather, inmates are entitled to the disclosure of "all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones,* 637 F.3d at 847 (internal quotation omitted). The Court's role in this case is to determine

---

[1] To the extent Mr. Keller claims that he never spoke to his lay advocate, this claim was not included in his appeal, so it is procedurally defaulted. Moreover, this claim fails because due process does not require that prisons appoint a lay advocate for a disciplinary hearing unless "'an illiterate inmate is involved ... or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'" *Wilson-El v. Finnan*, 263 F. App'x 503, 506 (7th Cir. 2008) (*quoting Wolff*, 418 U.S. at 570)). Mr. Keller "had no constitutional right to the assistance of any lay advocate, much less the lay advocate of his choice." *Doan v. Buss,* 82 Fed.Appx. 168, 172 (7th Cir. 2003) (citing *Miller v. Duckworth,* 963 F.2d 1002, 1004) (7th Cir. 1992)). Mr. Keller has made no showing that he is illiterate or the charge was particularly complex.

whether the evidence considered by the hearing officer was constitutionally sufficient. Here, all of the evidence considered was disclosed to Mr. Keller and that evidence satisfied the "some evidence" standard. There was no due process error in this regard.

Mr. Keller was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Keller's due process rights.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Keller's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/13/2017

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

KENNETH KELLER, 233670
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362